## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

--------------------------------------------------------------------

GLENN MACK  
243 Rocklyn Road, Apt B  
Upper Darby, PA 19082  

                Plaintiff,  

        v.  

DIALLO BROTHERS, LLC  
d/b/a DIALLO INSURANCE AGENCY also d/b/a  
DIALLO REAL ESTATE also d/b/a THE  
DIALLO GROUP  
130 South State Road  
Upper Darby, PA 19082; AND  

DIALLO SOULEYMANE d/b/a  
DIALLO REAL ESTATE also d/b/a THE  
DIALLO GROUP  
1101 Stratford Ave  
Elkins Park, PA 19027  

               Defendants.  

:    CIVIL NO. _____

:    **JURY TRIAL DEMANDED**

--------------------------------------------------------------------

### COMPLAINT – CIVIL ACTION

Plaintiff, Glenn Mack ("Plaintiff"), by and through his undersigned attorney, for his

Complaint against Defendant Diallo Brothers, LLC d/b/a Diallo Insurance Agency also d/b/a

Diallo Real Estate also d/b/a The Diallo Group ("Defendants Diallo Bros.") and Defendant

Diallo Souleymane d/b/a Diallo Real Estate also d/b/a The Diallo Group ("Defendants

Souleymane") (collectively, "Defendants"), alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this action contending that Defendants have violated his rights

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania

Minimum Wage Act ("PMWA"), 43 P.S. 333.100, *et seq.* by failing to pay him at a rate not less

than the minimum wage for all hours worked and not less than the greater of 1.5 times his regular rate of pay or the minimum wage for all hours worked over forty (40) in a workweek. Plaintiff further contends that Defendants have failed to pay him certain wages due and owing under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*

## PARTIES

2.      Plaintiff Glenn Mack is a citizen of the United States, and currently maintains a residence at 243 Rocklyn Road, Apt B, Upper Darby, PA 19082.

3.      Upon information and belief, Defendant Diallo Brothers, LLC d/b/a Diallo Insurance Agency also d/b/a Diallo Real Estate also d/b/a The Diallo Group is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a registered office address of 1101 Stratford Avenue, Elkins Park, PA 19027 and a place of business located at 130 South State Road, Upper Darby, PA 19082.

4.      Upon information and belief, Defendant Diallo Souleymane d/b/a Diallo Real Estate also d/b/a The Diallo Group is a citizen of the United States and Pennsylvania and maintains a residence at 1101 Stratford Avenue, Elkins Park, PA 19027.  Upon information and belief, Defendant Souleymane is the Founding Member of Diallo Brothers, LLC and the President and Operator of Diallo Insurance Agency, Diallo Real Estate, and The Diallo Group.

5.      Upon information and belief, Defendant Souleymane maintains, and/or at all times relevant to the allegations contained herein, maintained operational control over the business locations owned and operated by Defendant Diallo Bros, exercising control, both directly and indirectly, over the terms and conditions of employment, work schedules, payroll, and compliance with federal and state wage and hour laws, of the employees of Defendant Diallo Bros, including, but not limited to, Plaintiff.

2

6.      Upon information and belief, Defendant Souleymane was an "employer" of Plaintiff for purposes of the FLSA and PMWA because he had operational control over significant aspects of Defendant Diallo Bros' day-to-day functions, such as workplace conditions, personnel status changes, and compensation, during the time period giving rise to this action, was ultimately responsible for ensuring Defendant Diallo Bros' compliance with the FLSA and PMWA, and was directly involved with the decision-making process with respect to Plaintiff's hiring, management, and compensation.

7.      Defendants are "private employers" and covered by the FLSA.

8.      Plaintiff was employed by Defendants during all relevant times hereto and, as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

9.      At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant thereto in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

10.      This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

11.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his FLSA claims.

13.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the

Defendants reside in this judicial district, doing business therein, and the unlawful practices of

which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

14.     Paragraphs 1 through 13 are hereby incorporated by reference as though the same

were fully set forth at length herein.

15.     Plaintiff first began his employment with Defendants in or around February 2018,

in the position of Insurance Agent.

16.     At all times material hereto, Plaintiff worked out of Defendants' office in Upper

Darby, Pennsylvania.

17.     Throughout his employment, Plaintiff performed his job well, receiving positive

feedback and no discipline.

18.     Upon information and belief, although the rest of Defendants' Insurance Agents

were classified as employees and paid on a W-2 basis, Defendant classified Plaintiff as an

independent contractor and paid him on a 1099 basis.

19.     However, at all times relevant hereto, Plaintiff was, in fact, an employee of

Defendants.

20.     In this regard, apart from the manner in which he was paid, Plaintiff had

effectively the same job duties, responsibilities, and conditions of employment as Defendant's

other Insurance Agents, who were considered non-exempt employees and were paid on an hourly

basis or hourly plus commission basis.

21.     Defendants exercised significant control over the manner in which Plaintiff

performed his job duties as Insurance Agent.

4

22.     Plaintiff used tools and/or equipment provided by Defendants to perform the necessary functions of his job.

23.     Plaintiff was given a company email address.

24.     Plaintiff was not permitted to outsource his work or employ helpers.

25.     The insurance sales services performed by Plaintiff were an integral part of Defendants' insurance business.

26.     Plaintiff's employment with Defendants was indefinite, with no foreseeable expiration of their working relationship.

27.     Defendants promulgated work rules, policies and procedures that applied to Plaintiff, and Defendants had the authority to discipline Plaintiff for any violation thereof.

28.     Defendants supervised Plaintiff's work, set Plaintiff's schedule, and determined the hours that Plaintiff worked.

29.     For example, Defendants scheduled Plaintiff to report to work at Defendants' Upper Darby, PA office during regular business hours, Monday through Friday, 9:00 am until 6:00 pm, and on alternating Saturdays, 9:00 am until 4:00 pm.

30.     Plaintiff was also often required to remain at work beyond these scheduled hours, often continuing to work for twenty (20) or thirty (30) minutes after the nominal end of his scheduled shift.

31.     Although Plaintiff was paid on a commission-only basis, Defendants required Plaintiff to sign in and out on a log sheet at Defendants' office in the same manner required of Defendants' hourly, W-2 Insurance Agents.

5

32.     Defendants also maintained Plaintiff on the same work schedule as their W-2 Insurance Agents, with Plaintiff alternating Saturdays along with Defendants' W-2 Insurance Agents.

33.     Defendants willfully misclassified Plaintiff as an independent contractor, rather than an employee of Defendants.

34.     Plaintiff was paid on a commission basis, and, as such, did not qualify for the exemptions for executive, administrative, or professional employees under the FLSA/PMWA.

35.     Plaintiff did not have the authority to hire, fire, or discipline other employees of Defendants, nor did he make recommendations with respect to employee status changes to which Defendants gave substantial weight.

36.     Accordingly, Plaintiff did not qualify for the exemption for executive employees under the FLSA/PMWA.

37.     Plaintiff did not perform work directly related to Defendants' management or general business operations, nor did he exercise discretion or independent judgment regarding matters of significance to Defendants.

38.     Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

39.     Plaintiff's primary duty did not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction. In this regard, Plaintiff's job duties do not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work. Rather, Plaintiff was required to perform his

6

job responsibilities in accordance with specific guidelines, protocols, procedures, and trainings provided by Defendants.

40.    Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

41.    Plaintiff provided inside sales services and was not customarily and regularly engaged away from Defendants' place of business.

42.    Accordingly, Plaintiff did not qualify for the exemption for outside sales employees.

43.    Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff.

44.    Accordingly, Plaintiff was a non-exempt employee of Defendants and was thus entitled to the payment of minimum wages for all hours worked and overtime compensation for all hours worked over forty (40) in a workweek.

45.    Plaintiff routinely worked approximately forty-five (45) to fifty (50) hours per week, although he sometimes worked in excess of fifty-five (55) hours per week.

46.    Despite working significant overtime hours for Defendants, Plaintiff generally only received approximately two-hundred and fifty dollars ($250.00) or less per week in commissions, irrespective of the actual number of hours Plaintiff worked each week.

47.    Moreover, despite Plaintiff's entitlement to minimum wages as a non-exempt employee, on more than one occasion Defendants simply failed to Plaintiff for any of the hours he worked during a given workweek.

48.    For example, during the workweek of December 17, 2018 to December 23, 2018, Plaintiff worked at least fifty-two (52) hours, but was not compensated at all for his hours

worked, let alone paid overtime compensation for the twelve (12) or more hours of overtime he worked that week.

49.     Additionally, when Plaintiff was hired, Defendant Souleymane told Plaintiff that he would "split commissions" with him on a fifty-fifty basis, and that Defendant Souleymane would make Plaintiff a "Department Manager."

50.     Nevertheless, despite Defendant Souleymane's agreement to split commissions with Plaintiff as stated above, Defendants regularly failed to pay him in accordance with said agreement, as indicated, by among other things, Defendants' failure to pay Plaintiff during workweeks in which he had generated sales revenue for Defendants.

51.     Defendants failed to pay Plaintiff minimum wages for all hours worked or overtime compensation at a rate not less than 1.5 times his regular rate of pay or the minimum wage for all hours worked in excess of forty (40) hours in a work week.

52.     Defendants failed to post, or otherwise notify their employees of a summary of the Fair Labor Standards Act and its regulations in a conspicuous place in its place(s) of business that Plaintiff regularly reported to in violation of the FLSA and its implementing regulations. See 29 C.F.R. § 516.4.

53.     The above-referenced behavior evidences the willfulness of Defendants' violations of the FLSA and PMWA.

54.     In violation of the FLSA and PMWA, Defendants unlawfully failed to track, record, and report all the hours worked by Plaintiff.

55.     As a result of Defendants' aforesaid illegal actions, Plaintiff has suffered damages.

8

## COUNT I
## FAIR LABOR STANDARDS ACT
### 29 U.S.C § 201, *et seq.*
### FAILURE TO PAY MINIMUM WAGES

56.     Paragraphs 1 through 55 are hereby incorporated by reference as though the same were fully set forth at length herein.

57.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated at a rate not less than the minimum wage for every hour worked in a workweek.

58.     Defendants failed to pay Plaintiff at a rate not less than the minimum wage for all hours worked.

59.     The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

60.     Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

61.     Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A.     Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation to Plaintiff for compensable hours worked;

B.     Awarding Plaintiff back pay wages in an amount consistent with the FLSA;

C.     Awarding Plaintiff liquidated damages in accordance with the FLSA;

D.      Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

F.      Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*
### FAILURE TO PAY MINIMUM WAGE

62.     Paragraphs 1 through 61 are hereby incorporated by reference as though the same were fully set forth at length herein.

63.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

64.     By its actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay compensation for all hours worked by Plaintiff.

65.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of compensation in an amount to be determined at trial, and is entitled to recovery of such amount, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A.      An award to Plaintiff for the amount of unpaid compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B.     An award to Plaintiff of reasonable attorney's fees and costs pursuant to the

Pennsylvania Minimum Wage Act; and

C.     An award to Plaintiff for any other damages available to her under applicable

Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

66.     Paragraphs 1 through 65 are hereby incorporated by reference as though the same

were fully set forth at length herein.

67.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for

every hour worked in a workweek.

68.     Moreover, Section 207(a)(1) of the FLSA states that employees must be paid

overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of

forty (40) hours per week.

69.     Defendants failed to pay Plaintiff overtime compensation for each hour he worked

over forty (40) in a workweek at a rate not less than the greater of 1.5 times his regular rate of

pay or 1.5 times the minimum wage.

70.     The foregoing actions of Defendants and the policies and practices of Defendants

violate the FLSA.

71.     Defendants' actions were willful, not in good faith, and in reckless disregard of

clearly applicable FLSA provisions.

72.     Defendants are liable to Plaintiff for actual damages, liquidated damages, and

other equitable relief, pursuant to 29 U.S.C. 216(b), as well as reasonable attorney's fees, costs,

and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A.    Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked, some of which were in excess of forty (40) hours per week;

B.    Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

C.    Awarding Plaintiff liquidated damages in accordance with the FLSA;

D.    Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E.    Awarding pre- and post-judgment interest and court costs as further allowed by law;

F.    Such other and further relief as is just and equitable under the circumstances.

## COUNT IV
### PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION

73.    Paragraphs 1 through 72 are hereby incorporated by reference as though the same were fully set forth at length herein.

74.    The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees.  See 43 P.S. § 333.113.

75.    The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

76.     By its actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

77.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A.     An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B.     An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C.     An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

### COUNT V
### PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260.1, *et seq.*
### FAILURE TO PAY WAGES DUE AND OWING

72.     Paragraphs 1 through 71 are hereby incorporated by reference as though the same were full set forth at length herein.

73.     Under the WPCL, "[a]ll wages . . . earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment." See 43 P.S. § 260.3(a).

13

74.     No provision of the WPCL, including an employee's right to payment of all wages "earned in any pay period" may be "contravened or set aside by a private agreement." See 43 P.S. § 260.7.

75.     Plaintiff and Defendants entered into an agreement whereby Defendants agreed to pay Plaintiff commissions equivalent to half of the sales revenue he generated.

76.     Defendant has failed to pay Plaintiff wages due and owing in accordance with this agreement.

77.     As a result of Defendants' failure to pay Plaintiff these wages due and owing, Plaintiff is entitled to liquidated damages equal to twenty-five percent (25%) of the total amount of wages due.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A.      An award to Plaintiff in the amount he is owed under his agreement with Defendants in commissions, plus interest thereon;

B.      Liquidated damages of twenty-five percent (25%) under the WPCL;

C.      An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the WPCL; and

D.      An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:     *Michael Groh*

Michael Groh, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
mgroh@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: October 2, 2019

15

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

16